UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

JOSEPH BIGELOW,

          Plaintiff,          Case No. 1:24-cv-342

v.                                 Honorable Phillip J. Green

UNKNOWN RUTGERS, et al.,

          Defendants.
_____/

## **OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has filed a financial affidavit suggesting that he is seeking leave to proceed *in forma pauperis*. (ECF No. 2.) The Court will grant Plaintiff such leave because it reasonably appears that paying the cost of the filing fee in one lump sum would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

      Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.) This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform*

*Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

(1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's federal claims against Defendant Unknown Sergeant for failure to state a claim. The Court will dismiss any state law claims against Defendant Unknown Sergeant without prejudice because the Court declines to exercise supplemental jurisdiction over such claims. The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendants Rutgers and Unknown Corrections Officers #1 and #2: (1) Plaintiff's official capacity claims; and (2) any intended First Amendment retaliation claims. The following claims against Defendants Rutgers and Unknown Corrections Officers #1 and #2 remain in the case: (1) Plaintiff's Eighth Amendment claims; and (2) Plaintiff's state law negligence claims.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred there. Plaintiff sues Corrections Officer Unknown Rutgers, Unknown Corrections Officers #1 and #2, and Unknown Sergeant in their official and personal capacities. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that on May 25, 2023, an emergency response team was called to his housing unit to extract an inmate who was two cells away from Plaintiff's cell. (*Id.*, PageID.3.)  Plaintiff states that because he has cystic fibrosis, he has a medical detail to be removed from any unit if chemical agents are going to be utilized.  (*Id.*)

At around 3:00 p.m., Defendant Rutgers conducted a round and shut cell windows to prepare for the cell extraction.  (*Id.*)  Plaintiff stopped Defendant Rutgers and showed him the medical detail; Defendant Rutgers "replied [that] he didn't believe [Plaintiff] or care and left."  (*Id.*)  Defendant Unknown Corrections Officer #1 came around five minutes later.  (*Id.*)  Plaintiff tried to stop the officer but was ignored.  (*Id.*)  Plaintiff was "left in [his] cell despite yelling out [his] door [that he] needed to be removed."  (*Id.*)

Several minutes later, the cell extraction team sprayed the other inmate with chemical agents.  (*Id.*)  Plaintiff started choking and could not breathe.  (*Id.*)  Several inmates called out that Plaintiff needed help.  (*Id.*)  According to Plaintiff, it took about ten minutes before staff pulled him out of his cell and rushed him to the medical unit for emergency treatment.  (*Id.*)

According to Plaintiff, Defendants Rutgers and Unknown Corrections Officer #1 demonstrated deliberate indifference by leaving Plaintiff in his cell despite knowing that he was supposed to be removed pursuant to the medical detail.  (*Id.*) Plaintiff suggests further that Defendant Unknown Corrections Officer #2 was working at the unit station and was "supposed to check on any details and call medical to inquire about potential medical problems in order to prevent tragedies like

5

this from occurring, but this officer showed neglect by failing to do this." (*Id.*) Finally, according to Plaintiff, Defendant Unknown Sergeant "ha[s] authority over the unit and emergency response team and is also supposed to verify details to ensure everyone's safety before allowing a response team to move to action, however, this sergeant demonstrated neglect by failing to protect [Plaintiff] as well." (*Id.*) Plaintiff seeks compensatory and punitive damages, as well as "an injunction to be immediately transferred from [ICF] due to retaliation." (*Id.*, PageID.4.)

Based on the foregoing, Plaintiff asserts Eighth Amendment claims against Defendants. Due to his mention of retaliation, the Court also construes Plaintiff's complaint to assert First Amendment retaliation claims. Finally, Plaintiff's mention of neglect leads the Court to construe his complaint to assert state law negligence claims.

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly*/*Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

## A. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### 1. Official Capacity Claims

As noted above, Plaintiff sues Defendants in both their official and personal capacities. Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity

7

that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks damages, as well as injunctive relief. Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). The Court, therefore, will dismiss Plaintiff's official capacity claims seeking damages.

An official capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). Importantly, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Here, Plaintiff's complaint concerns events that occurred in May of 2023 and is devoid of any facts suggesting that any of the *named Defendants* are engaged in any ongoing violations of federal law.[2] Therefore, Plaintiff does not seek relief properly characterized as prospective. *See Ladd*, 971 F.3d at 581. Accordingly, the Court will dismiss Plaintiff's official capacity claims in their entirety.

    **2.**    **Personal Capacity Claims**

        **a.**    **First Amendment Retaliation Claims**

As noted above, Plaintiff seeks "an injunction to be immediately transferred from [ICF] due to retaliation." (Compl., ECF No. 1, PageID.4.) In an abundance of caution, the Court has construed Plaintiff's complaint to assert First Amendment retaliation claims against Defendants.

---

[2] Although Plaintiff states that he wants to be transferred due to ongoing retaliation, as discussed *infra* in Part II.A.2.a, Plaintiff's compliant is devoid of facts tying the alleged retaliation to the named Defendants.

9

In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

However, it is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (discussing that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) (holding that "bare allegations of malice on the defendants' parts are

10

not enough to establish retaliation claims" that will survive § 1915A screening (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)).

Here, Plaintiff merely alleges the ultimate fact of retaliation in this matter and provides no facts to suggest that any of the named Defendants engaged in any adverse action because of any protected conduct in which Plaintiff may have engaged. Accordingly, to the extent Plaintiff intended to allege First Amendment retaliation claims against Defendants, such claims will be dismissed.

### b. Eighth Amendment Claims

Plaintiff contends that Defendants demonstrated deliberate indifference by ignoring Plaintiff's medical detail setting forth that Plaintiff is to be removed from a housing unit prior to the use of chemical agents because of Plaintiff's cystic fibrosis. (Compl., ECF No. 1, PageID.3.) Given Plaintiff's allegations, the Court construes Plaintiff to assert Eighth Amendment claims premised upon deliberate indifference to serious medical needs. *See Reeves v. Wallington*, No. 06-10326, 2007 WL 1016979, at *10–12 (E.D. Mich. Mar. 29, 2007) (addressing substantially similar claims under the deliberate indifference to serious medical needs standard); *Harris v. Kowalski*, No. 1:05-cv-722, 2006 WL 1313863, at *6–7 (W.D. Mich. May 12, 2006) (same).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious

11

medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical

12

treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted), *abrogation on other grounds recognized by Lawler as next friend of Lawler v. Hardiman Cnty., Tenn.*, 93 F.4th 919 (6th Cir. 2024).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'"

13

*Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

Here, Plaintiff alleges that he suffers from cystic fibrosis and has a medical detail directing that he be removed from any housing unit before chemical agents are utilized. (Compl., ECF No. 1, PageID.3.) Given these facts, the Court concludes that Plaintiff has adequately alleged a serious medical need. The Court will consider the subjective prong with respect to each named Defendant below.

### (i) Defendant Unknown Sergeant

Plaintiff contends that Defendant Unknown Sergeant "has authority over the unit and emergency response team and is also supposed to verify details to ensure everyone['s] safety before allowing a response team to move to action, however this sergeant demonstrated neglect by failing to protect [Plaintiff] as well." (Compl., ECF No. 1, PageID.3.)

As an initial matter, although Plaintiff has adequately alleged a serious medical need, Plaintiff fails to set forth facts from which the Court could infer that Defendant Unknown Sergeant was deliberately indifferent to that need. First, Plaintiff fails to allege facts suggesting that Defendant Unknown Sergeant was even present in the housing unit when the emergency response team was preparing to use chemical agents to perform a cell extraction. Plaintiff's vague statement that Defendant Unknown Sergeant "has authority over the unit and emergency response team" is insufficient for the Court to draw that inference. Plaintiff's complaint, as pleaded, does not permit the Court to conclude that Defendant Unknown Sergeant

"knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d at 738 (quoting *Farmer*, 511 U.S. at 842).

Moreover, it appears that Plaintiff has named Unknown Sergeant as a Defendant because of his supervisory authority over the housing unit and emergency response team. Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Furthermore, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege facts showing that Defendant Unknown Sergeant encouraged or condoned the conduct of his subordinates, or authorized, approved, or knowingly acquiesced in the conduct. As noted above, Plaintiff alleges only that Defendant Unknown Sergeant had authority over the housing unit and emergency response team and failed to ensure that Plaintiff was safe. Plaintiff's vague assertion is insufficient to impose supervisory liability upon Defendant Unknown Sergeant. Accordingly, Plaintiff's Eighth Amendment claim against Defendant Unknown Sergeant will be dismissed.

### (ii) Defendants Rutgers and Unknown Corrections Officers #1 and #2

Plaintiff alleges that on May 25, 2023, he showed his medical detail to Defendant Rutgers, and that Defendant Rutgers "replied [that] he didn't believe [Plaintiff] or care and left." (Compl., ECF No. 1, PageID.3.) Plaintiff also tried to show the medical detail to Defendant Unknown Corrections Officer #1, but that individual did not remove Plaintiff from the housing unit. Plaintiff alleges that he "was left in [his] cell despite yelling out [of his] door [that he] needed to be removed." (*Id.*) According to Plaintiff, Defendant Unknown Corrections Officer #2 was working the unit desk during this incident and failed to "check on any details and call medical to inquire about potential medical problems." (*Id.*) Plaintiff's complaint also permits an inference that Defendant Unknown Corrections Officer #2 was able to hear

16

Plaintiff yelling that he needed to be removed but took no action. Although Plaintiff has by no means proven deliberate indifference, taking his allegations as true and in the light most favorable to him, the Court concludes that Plaintiff's Eighth Amendment claims against Defendants Rutgers and Unknown Corrections Officers #1 and #2 may not be dismissed on initial review.

### B.   State Law Claims

Plaintiff mentions "neglect" several times in his complaint. (Compl., ECF No. 1, PageID.3.)   Plaintiff's reference to neglect has led the Court to construe his complaint to assert state law negligence claims.

Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Accordingly, any assertions that Defendants violated state law fail to state a claim under § 1983.

Furthermore, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, because the Court has dismissed Plaintiff's federal claims against Defendant Unknown Sergeant, the Court will decline to exercise supplemental

17

jurisdiction over Plaintiff's state law claims against that Defendant. However, because Plaintiff's Eighth Amendment claims against the other Defendants remain pending, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants Rutgers and Unknown Corrections Officers #1 and #2.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Moreover, having conducted the review required by the PLRA, the Court determines that Plaintiff's federal claims against Defendant Unknown Sergeant will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will dismiss without prejudice Plaintiff's state law claims against Defendant Unknown Sergeant because the Court declines to exercise supplemental jurisdiction over such claims.

The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendants Rutgers and Unknown Corrections Officers #1 and #2: (1) Plaintiff's official capacity claims; and (2) any intended First Amendment retaliation claims. The following claims against Defendants Rutgers and Unknown Corrections Officers #1 and #2 remain in the case: (1) Plaintiff's Eighth Amendment claims; and (2) Plaintiff's state law negligence claims.

An order consistent with this opinion will be entered.

Dated: __April 12, 2024__        /s/ Phillip J. Green
                                                                                       PHILLIP J. GREEN
                                                                                       United States Magistrate Judge